IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| NICKIE L. MANN and SCOTTY RAY MANN, <br><br> Plaintiffs, <br><br> v. <br><br> THE METROPOLITAN GOVERNMENT OF LYNCHBURG, MOORE COUNTY, TENNESSEE, MAYOR SLOAN STEWART, SHEILA MOORE, and STEVEN LEO MOORE, <br><br> Defendants. | Case No._____ <br><br> JURY DEMAND |

## COMPLAINT

**COMES NOW**, the Plaintiffs, Nickie L. Mann and Scotty Ray Mann, by and through their attorneys, Jerkins Law, PLLC., and for their cause of action against Defendants, the Metropolitan Government of Lynchburg, Moore County, Tennessee, Mayor Sloan Stewart, Sheila Moore, and Steven Leo Moore, allege as follows:

### PARTIES

1. Plaintiffs, Nickie L. Mann and Scotty Ray Mann, (hereinafter "Plaintiffs") are citizens and residents of Lynchburg, Moore County, Tennessee.

2. Defendant, the Metropolitan Government of Lynchburg, Moore County, Tennessee, (hereinafter "the County") is a county and municipality existing pursuant to the Constitution and laws of the State of Tennessee and is empowered by the same to act

through its governing body, officers, and officials under color of law. See also the Charter of the Lynchburg, Moore County Metropolitan Government, Art. 1, Sec. 1.01.

3. Sloan Stewart is the mayor of the Metropolitan Government of Lynchburg, Moore County, Tennessee. Sloan Stewart is being sued in both his individual and official capacities.

4. Sheila Moore was at all times referred to herein an employee of the Metropolitan Government of Lynchburg, Moore County, Tennessee. Sheila Moore is being sued in both her individual and official capacities.

5. Steven Leo Moore, upon information and belief, was at all times referred to herein an employee of the Metropolitan Government of Lynchburg, Moore County, Tennessee. Steven Leo Moore is being sued in both his individual and official capacities.

## JURISDICTION AND VENUE

6. Jurisdiction is founded upon 29 U.S.C. § 1331, § 1343(a)(3) and (4), and § 1367(a). This Honorable Court has jurisdiction over Plaintiffs' claims of violation of civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 in that the factual acts and omissions which give rise to this cause of action occurred within this district and within one year of the filing of this Complaint.

8. Jurisdiction of state law claims is also proper. The Federal Court should assume supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The state law claim being brought by Plaintiff pursuant to the Tennessee Governmental Tort Liability Act

(TGTLA). (T.C.A. § 29-20-101 *et. seq.*) Individual claims are brought against defendants under the common laws of the State of Tennessee.

## FACTUAL ALLEGATIONS

9. Moore County, Tennessee is located in Southern Middle Tennessee with their county seat being Lynchburg and their government being a combined metropolitan government organized and known as the Metropolitan Government of Lynchburg, Moore County, Tennessee.

10. According to the 2024 census, the County had a population consisting of approximately 6,558 residents.

11. Of those residents, 92.48% (6,065) are white, 3.86% (253) reported other races, and 3.66% (240) are Black or African American.

12. Plaintiff, Nickie Mann, is a biracial female who has lived in the County, for the majority of her life.

13. Plaintiff, Nickie Mann, was a standout basketball player at Moore County High School and her name, previously misspelled, is on the wall of the gymnasium.

14. Plaintiff, Nickie Mann, is also known throughout Moore County and Lynchburg, Tennessee, for her parents being different races.

15. Plaintiffs and their family have experienced racism much of their lives by members of the local community.

16. Plaintiffs' family home burned to the ground in 1976 in an obvious arson that the County's officials did not fully investigate.

17. Plaintiffs have personally had law enforcement question or interact with them in the past for walking on public streets and performing yard work on their own property.

18. The Lynchburg Swimming Pool is located at 119 Booneville Highway, Lynchburg, Tennessee 37352, and is operated by the County.

19. The Lynchburg Swimming Pool allows private sessions to be booked from time-to-time in two (2), three (3) and four (4) hour increments.

20. On June 24, 2024, Plaintiff, Nickie Mann, contacted the Lynchburg Swimming Pool via text messaging using the posted governmental phone number, (931) 307-4189, for scheduling pool parties from social media, seeking to book a private party near the Independence Day Holiday.

21. Plaintiff, Nickie Mann, has had the same cell phone number for approximately twenty-five (25) years and her cell phone number is known by various sectors of the County.

22. Plaintiff's text message to the County was responded to and the County requested the proposed dates and the party size.

23. Plaintiff, Nickie Mann, inquired about booking on July 5, July 6, or July 7, 2024, as the best dates.

24. In response, the County, replied "Ight nigga yea I don't think I wanna do this with this old white trash nigga."



25. Plaintiff, Nickie Mann, presented to the Moore County Courthouse demanding an explanation for the text message.

26. Upon arrival at the Moore County Courthouse, Sheila Moore was seen removing her son, Steven Leo Moore, from the property as if he was being reprimanded.

27. Upon information and belief, Steven Leo Moore was employed by the County, despite only recently having been arrested for four (4) Class B Felonies in accordance with T.C.A. § 39-17-417(c) in Coffee County, Tennessee.

28. Steven Leo Moore, prior to being employed by the County, was involuntary sent to drug rehabilitation.

29. When confronted with the message, no one at the County would take responsibility for the message, but the cell phone associated with the number was confirmed present in the Moore County Courthouse and shown to Plaintiff.

30. In fact, Mayor Sloan Stewart was confronted by Plaintiff, Nickie Mann, at the Moore County Courthouse and Mayor Stewart advised that he had nothing to say about the situation before Plaintiff, Nickie Mann, could explain her complaint.

31. While no one would take responsibility for the actions, the culprit(s) within the County, obviously knew that Plaintiff Nickie Mann's number was associated with a non-white resident based upon the racist remark, Plaintiff's involvement in the community, and the minority statistics of the county.

32. Despite these actions by the County, Plaintiff Nickie Mann still sought to book the pool for the Independence Day holiday but was advised there were no more spaces available for her.

33. The County next began attempting to cover up the conduct of its employees and/or officers by having governmental personnel including Sheila Moore, Steven Leo Moore, the Moore County Police Department, and family members of Moore County Government personnel contact Plaintiffs directly with inconsistent stories as to the ownership of the phone in question.

34. For example, Mayor Sloan Stewart had the Moore County Sheriff's Department contact Plaintiffs and their family to advise that the phone in question had not been used by the County in many years.

35. The statements of the Moore County Sheriff's Department were contradicted by the Lynchburg Swimming Pool operator, Cierra Trussell, that the phone in question had been located and disabled.

36. It was later revealed that the phone that was "no longer in use by the Government of Moore County" was located in the Moore County Courthouse.

37. After all of this, Plaintiffs' family was again contacted by an alleged family member of an individual employed by the County claiming that the phone in question was not a government phone and was a personal use phone.

38. Plaintiffs' complaints to the County ultimately went unaddressed, stating that the phone number was not associated with the County despite being a number posted on websites and social media to contact the County.

39. Though Plaintiffs had been denied access to public amenities on the basis of her race and through the use of discriminatory and inflammatory language, she continued to attempt to use the public utilities and amenities to which she is entitled as citizen of the State and the County.

40. On August 27, 2024, Plaintiff, Nickie Mann's mother, Nancy Simpson, required medical assistance and Plaintiff called 911.

41. 911 connected the call to Moore County Emergency Communications Center.

42. The Moore County Emergency Communications Center immediately transferred Plaintiff's call to a separate jurisdiction without any further assistance.

43. The separate jurisdiction was Fayetteville, Tennessee, which is two (2) times further than Plaintiff, Nickie Mann's mother, Nancy Simpson's location on August 27, 2024.

44. Later, on August 27, 2024, Plaintiff, Nickie Mann's mother, Nancy Simpson, passed away.

45. That evening, at 9:02 PM, the same Metropolitan Government of Lynchburg, Moore County, Tennessee number sent a text message to Plaintiff stating, "Ima suck a nigga dick."



46. Plaintiff Nickie Mann's, only two attempts to contact the Moore County Government between June 24, 2024, and August 27, 2024, resulted in discriminatory and

inflammatory language from a phone number belonging to the Moore County Government.

47. Plaintiff, Nickie Mann's mother, Nancy Simpson, was buried next to her husband, Walter "Red" Simpson in the Lynchburg Cemetery in Lynchburg, Moore County, Tennessee.

48. Upon information and belief, Walter "Red" Simpson, is one of the few known African Americans buried in the Lynchburg Cemetery.

49. After Plaintiff Nickie Mann's mother, Nancy Simpson, was buried next to her husband, Walter "Red" Simpson, her grave was vandalized.

50. Plaintiff's complaints to the Metropolitan Government of Lynchburg, Moore County, Tennessee throughout this entire process have remained unaddressed.

### COUNT I – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983: EQUAL PROTECTIONS CLAUSE GUARANTEED BY THE FOURTEENTH AMENDEDMENT OF THE UNITED STATES (SWIMMING POOL)

51. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 50 of this Complaint.

52. The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.

53. At the time of the events alleged herein, Defendants were acting under color of law and in their capacity as officials and/or employees of the County.

54. Defendants had been empowered by the County to act on its behalf in administering the public amenities, including the renting of the public swimming pool.

55. By and through their intentional actions, Defendants subjected Plaintiffs to blatantly discriminatory conduct on the basis of their race, denying their access to the swimming pool rental.

56. By and through their intentional actions, Defendants deprived Plaintiffs of their rights to equal protection under the law.

57. Defendants knew or should have known that their conduct was a violation of Plaintiffs' clearly established right.

58. Similarly situated white citizens have not been deprived of their access to the public swimming pool when requesting the exact same rental of government property from the County and have been able to do so without suffering degrading treatment.

59. The County maintains a widespread custom whereby minority residents are disproportionately not provided the same access to rent governmental property as white residents despite white residents being identically situated to Plaintiff and similar minorities.

60. As a result of Defendants' conduct, Plaintiffs endured pain and suffering for which she is entitled to damages.

**COUNT II – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983: EQUAL PROTECTIONS CLAUSE GUARANTEED BY THE FOURTEENTH AMENDEDMENT OF THE UNITED STATES (ACCESS TO EMERGENCY SUPPORT SERVICES)**

61. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 60 of this Complaint.

62. The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally

treats one differently than others similarly situated without any rational basis for the difference.

63. At the time of the events alleged herein, Defendants were acting under color of law and in their capacity as officials and/or employees of the County.

64. Defendants had been empowered by the County to act on its behalf in administering public emergency response services.

65. By and through their actions, Defendants subjected Plaintiffs to blatantly discriminatory conduct on the basis of her race, denying her access to emergency medical services for her mother.

66. By and through their actions, Defendants intentionally deprived Plaintiffs of her rights to equal protection under the law.

67. Defendants knew or should have known that their conduct was a violation of Plaintiffs' clearly established right.

68. Similarly situated white citizens have not been deprived of their access to emergency medical services when requesting the exact same assistance from the County's Emergency Support Services.

69. The County maintains a widespread custom whereby minority residents are disproportionately not provided the same Emergency Support Services as white residents despite white residents being identically situated to Plaintiffs and similar minorities.

70. As a result of Defendants' conduct, Plaintiffs endured pain and suffering for which she is entitled to damages.

## COUNT III – MUNICIPAL LIABILITY

71. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 though 70 of this Complaint.

72. The Metropolitan Government of Lynchburg, Moore County, Tennessee, is liable for the conduct alleged herein under a theory of municipal liability for permitting, encouraging, tolerating, and knowingly acquiescing to an official pattern, practice, and policy or custom within the County of violating the rights of its minority citizens, as demonstrated by the conduct of its employees and officers and its efforts to cover up or deny the conduct of those employees and officers.

73. The County is also liable for the conduct alleged herein for failure within the County to train employees regarding their obligations under the Fourteenth Amendments and the laws of the State of Tennessee in order to prevent violations of the same and harm to the citizenry as a result thereof.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 73 of this Complaint.

75. Defendants knew and had been briefed on handling interactions with African Americans after the national outrage surrounding matters involving racism by the Government against their minority citizens.

76. Defendants knew of the harm that could be caused to individuals, especially African Americans, by depriving them of the governmental necessities paid by the taxpayers of the County.

77. Defendants conduct was intentional.

78. Not providing minorities equal rights as white residents violated Plaintiffs' rights under the United States Constitution and is outrageous conduct that is not tolerated by a civilized society.

79. As a result of Defendants' intentional and outrageous conduct, Plaintiffs suffered serious mental and emotional injuries and damages for which Defendants are liable.

**COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

80. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 79 of this Complaint.

81. Defendants provided government employees with access to cellular phones wherein they knew or reasonable should have known that such employees were incompetent to use the cellular phones appropriately when interacting with non-white residents.

82. Defendants were negligent when a government cellular phone provided to an employee was used to violate a minority citizen's rights under the Fourteenth Amendment and use discriminatory and inflammatory language toward a minority citizen, Plaintiffs.

83. Defendants' negligence has caused a serious mental and emotional injury to Plaintiffs.

84. As a result of Defendants' negligence, Plaintiffs suffered serious mental and emotional injuries and damages for which Defendants are liable.

## DAMAGES

85. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 84 of this Complaint.

86. As a direct and proximate result of the Defendants' acts and omissions, Plaintiffs have suffered significant damages recognized by State and Federal law including, but not limited to the following:

    (a)    Economic Damages;

    (b)    Emotional suffering and grief, both past and future;

    (c)    Nominal Damages;

    (d)    Punitive damages;

    (e)    Loss of enjoyment of life;

    (f)    Pre- and Post-Judgment Interest;

    (g)    Discretionary Costs;

    (h)    Attorney's Fees;

    (i)    All other relief, both general and specific, to which Plaintiff may be entitled by law.

87. As a direct and proximate result of these incidents, Plaintiff, Scotty Ray Mann, has suffered the loss of services, consortium, and unhindered companionship of his wife, Scotty Ray Mann, all of which he deserves to be compensated

**WHEREFORE**, Plaintiffs pray as follows:

1. Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

2. A jury be empaneled to try this case;

3. A Declaratory Judgment be entered finding that Defendants' actions violated Plaintiffs' constitutional right to Equal Protection;

4. Plaintiffs be awarded nominal damages against both Defendants;

5. Plaintiffs be awarded compensatory damages against both Defendants;

6. Plaintiffs be awarded punitive damages against Defendants;

7. Plaintiffs be awarded reasonable attorney's fees, costs and expenses under 42 U.S.C. § 1988;

8. For such other, further, and general relief as the Court deems just and appropriate.

This __10th__ day of __March__, 2025.

Respectfully submitted,

/s/ Lucas E.W. Jerkins
Lucas E.W. Jerkins (#033863)
**JERKINS LAW, PLLC.**
2001 Campbell Station Pkwy, Ste. A3
Spring Hill, Tennessee, 37174
(615) 701-7177 – Telephone
(615) 434-5203 – Facsimile
*Counsel for Plaintiffs*